UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

MARGARITA CASTILLO,

    Plaintiff,

v.

LUXE HOSPITALITY GROUP, LLC.

    Defendant.

_____/

## COMPLAINT

COMS NOW, Plaintiff, MARGARITA CASTILLO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, LUXE HOSPITALITY GROUP, LLC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA").

### PARTIES

2. Plaintiff, MARGARITA CASTILLO, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant, LUXE HOSPITALITY GROUP, LLC. is a Florida Limited Liability Company, authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331.

11. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

13. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. Plaintiff is a 57-year-old female.

16. On or about August of 2009 Plaintiff began working for JKR Bentley Holdings, LLC. at Bentley Hotel in Miami Beach, FL as a housekeeper.

17. On or about July of 2019, Defendant purchased Bentley Hotel from JKR Bentley Holdings, taking over the operations at Bentley Hotel.

18. Plaintiff continued to work at Bentley Hotel under Defendant's management.

19. Due to Plaintiff's experience as a housekeeper at the Bentley Hotel, Defendant assigned Plaintiff to train the new housekeepers.

20. The housekeepers being hired by Defendant were younger than Plaintiff.

21. On one occasion, Beatriz Eguras, Director of People and Culture, told Plaintiff that she was not happy that Defendant had retained employees that had been working at the hotel for a long time.

22. Ms. Eguras suggested to Plaintiff that Defendant wanted a young staff.

23. The new housekeepers being hired were under 35 years old.

24. Shortly after the conversation with Ms. Eguaras, on or about October 15, 2019, Plaintiff was terminated by Defendant as a result of her age.

25. Additionally, prior to Plaintiff's termination, Defendant fired two other workers over the age of 50.

26. Plaintiff was qualified to do the job of a housekeeper.

27. Defendant did not provide Plaintiff with any warnings or disciplinary actions.

28. Plaintiff had been employed as housekeeper since 2009.

29. Plaintiff was replaced by a substantially younger people for the same position as Plaintiff.

## COUNT I
## Age Discrimination in Violation of the ADEA

30. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-29 above as is set out in full herein.

31. Plaintiff is in the protected age category under the ADEA.

32. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

33. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

34. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

41. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

42. Defendant is a covered employer to which the ADEA applies.

43. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

44. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

45. Plaintiff re-alleges and re-affirms Paragraphs 1-29 as is it fully set forth herein.

46. Plaintiff is a member of a protected age category under the FCRA.

47. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

48. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

49. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

50. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

51. Defendant retained the new, younger employees, trained by Plaintiffs and did so despite the knowledge of engaging in discriminatory actions.

52. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

54. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

                                       Respectfully submitted

                                       GALLARDO LAW OFFICE, P.A.
                                       8492 SW 8th Street
                                       Miami, Florida 33144
                                       Telephone: (305) 261-7000
                                       Facsimile: (305) 261-0088

                                       By: _____
                                       Elvis J. Adan, Esq.
                                       Fla. Bar No.: 24223